## Gordon, Secretary of Banking, v. Silvert

*Aaron S. Swartz, Jr.*, and *Desmond J. McTighe*, for plaintiff.

*Ralph J. Rinalducci*, for defendant.

KNIGHT, P. J., September 28, 1934.—The petition avers, and the answer admits, that judgment was entered by the Secretary of Banking against Henry Silvert, for $25,000, upon a bond and warrant of attorney. The answer avers that there is nothing due on the judgment. This is a collateral attack upon the judgment, which is not permissible in this proceeding. If there is nothing due on the judgment, a petition should be presented to open the same.

The answer further sets forth, in great detail, a number of involved transactions by which it is averred that the defunct banking institution is heavily indebted to Henry Silvert. Assuming all this to be true, it simply amounts to a potential set-off against the secretary as a judgment creditor. We say, potential set-off, for it may be greatly doubted if the alleged indebtedness of the bank to Silvert could be set off against the judgment debt. The two are not of equal dignity: The claim of the bank is upon a judgment, that of Silvert is a general claim, objected to by the secretary. The real question, as we see it, is whether the secretary may attach money in his possession as receiver?

Section 712C of the Department of Banking Code of May 15, 1933, P. L. 565, provided, inter alia: "No . . . attachment . . . shall . . . issue . . . against any property, moneys, or assets, owned by, or legally in the custody or possession of, an institution of which the secretary is in possession as receiver, except that an execution may be permitted by special leave of the court."

This puts the matter within the discretion of the court, and we see no reason why leave should not be granted the secretary to attach moneys in his own hands. We believe that the secretary is fully protected by his right of set-off, for the status of the parties became fixed by the closing of the bank, and any assignment by Silvert of his claim must necessarily be made subject to this right.

For the same reason, however, we are of the opinion that an attachment will not harm Silvert, and as we can

see no legal reason for withholding permission to issue the writ, the prayer of the petition must be granted.

And now, September 28, 1934, the rule is made absolute, and permission granted the Secretary of Banking, receiver of the Merion Title and Trust Company of Ardmore, to attach moneys or property of Henry Silvert now in possession of said receiver.